№533

Dr. JOSEPH E. PSAYLA.

VS

FREDERICK LEMIEUX, SR.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

---

OPINION

John St. Paul Judge.

Counsel say in their briefs this case involves only questions of fact, but we think the facts are practically undisputed and we have only to apply to them a well settled principle of law, to-wit, that if a special agreement has been performed in part by the plaintiff and its further performance has been prevented by the act of the defendant, the plaintiff may at his option either sue for the breach and recover damages or abandon the contract altogether and recover upon a general indebitatus assumpsit (Kostmayer vs Landry, 12 Crt of App. 385.)

The facts are these; Plaintiff is a practicing dentist and he engaged to make and place a piece of "bridge-work" for defendants wife. Pursuant to his agreement he removed some teeth, treated her mouth, took a cast thereof, constructed and shaped and put together the bridge.

When the rough work was about completed, but before it was finsihed, polished and adjusted, the lady asked plaintiff to put it temporarily in her mouth because she had some calls to make. With this unfinished unpolished and unadjusted work in her mouth, the lady found the bridge rough, unsteady and uncomfortable; and conceiving the idea that it would not fit, and was inferior and unsutable, she concluded that she would not accept it.

So thereupon she did not return to plaintiff but went instead to another dentist to whom she showed the bridge, which she still had in her mouth, apparently without informing him that it had not been put in only temporarily and at her special request.

This second dentist found, as well he might, that the bridge as he then saw it was not such as ought to be left in a lady's mouth; about which there are and could be no two opinions. So he agreed to take it out and to construct a new bridge, to which the lady also agreed; and this was done.

Meanwhile nothing was said to plaintiff; and when the lady did not return at the end of a month and plaintiff learned that she had gone elsewhere and did not intend to return at all (although she still kept the gold bridgework and was not offering to pay for that or for the other work in her mouth) plaintiff, after vain endeavors to obtain some sort of compensation, brought this suit on quantum meruit for the value of his materials and service up to the time when he was in effect discharged.

The above facts are absolutely undisputed, and the only conflict is one between experts as to whether or not, viewing the bridge in its present unfinished condition, they thought it might or might not be completed as a first class piece of work.

Of course such testimony is always unsatisfactory and inconclusive, and this case presents no exception to the rule. But the burden of proof was clearly upon the defendant to establish affirmatively that when plaintiff was discharged his work was predestined to failure, since it is only when that fact is made certain that plaintiff can be found to have breached his contract; in other words, only when it is made certain that it was impossible for plaintiff to perform his part of the contract. And the evidence herein falls very short of discharging that burden.

Lacking this proof the case falls within the principle first stated, and is very similar to that of Payne vs Lyons Cypress Co, 7 Court of Appeal p. 325.

The trial judge thought plaintiff should recover and so do we.

The judgment appealed from is therefore affirmed.